UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| EARNEST KICKWOOD, )<br>   Plaintiff, )<br> )<br>vs. )<br> )<br>POLICE OFFICER FOSDICK, )<br>   Defendant. ) | No. 20-1009 |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims Bloomington Police Officer Fosdick used excessive force against him on May 8, 2019. The Defendant pulled Plaintiff over during a traffic stop and immediately pulled his weapon. Plaintiff says the officer instructed him to keep his hands up and throw his keys to the ground. Defendant Fosdick then ordered Plaintiff out of the car and handcuffed him.

Plaintiff claims Defendant Fosdick then moved Plaintiff to the backseat of his patrol car, "jamming my head so hard he caused me to have 2 slipped disc in my neck."

1

(Comp, p. 6). Plaintiff was then transported to the jail where he claims the officer had to be separated from Plaintiff because he "feared he would be more violent." (Comp, p. 6).

The Illinois Department of Corrections website indicates Plaintiff was taken into custody in McLean County on May 8, 2019 for charges involving domestic battery. Plaintiff is currently serving two years and six months for this offense.[1] Therefore, it appears there are no pending state court claims stemming from this incident.

Plaintiff has articulated a violation of his Fourth Amendment rights based on his claim alleging Defendant Fosdick used excessive force during the arrest on May 8, 2019. *See Ortiz v. City of Chicago*, 656 F.3d 523, 530–31 (7th Cir. 2011).

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendant Fosdick used excessive force against him on May 8, 2019 when he pushed Plaintiff's head with enough force to cause two slipped discs. The claim is stated against the Defendant in his individual capacity. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed

---

[1] IDOC, Offender Search, https://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last visited April 30, 2020).

before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of

those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Attempt service on Defendant pursuant to the standard procedures; 2) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 3) Enter the**

**Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 30th day of April, 2020.

s/James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE